SOL KANTOR, PLAINTIFF-RESPONDENT, v. THE PERTH AMBOY NATIONAL BANK, AND OTHERS, DEFEND-ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 12, 1951—Decided April 30, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Sol Kantor* argued the cause *pro se.*

*Mr. John T. Keefe* argued the cause for the appellants (*Mr. David T. Wilentz* and *Mr. Edmund A. Hayes,* attorneys).

PER CURIAM.

■ The principal question is whether a county board of elections may have a branch office away from the county seat. The Board of Chosen Freeholders of Middlesex County leased from the Perth Amboy National Bank a suite of offices in Perth Amboy for the use of the board of elections. At the suit of a taxpayer, the Law Division awarded summary judgment setting aside the lease and enjoining the occupation of the suite by the election board and payment of the rent accruing after December 31, 1950. The learned judge who heard the case concluded that *R. S.* 19:6–21 impliedly prohibited the leasing or occupation of offices outside of the county seat. That section directed that the county boards of elections be provided with an office "in the court house of the county for which they are respectively appointed, or in a building as near as possible adjacent thereto." After the judgment was rendered and the appeal taken, the Legislature, by the enactment of *P. L.* 1951, *c.* 10, amended *R. S.* 19:6–21 by striking out the part above quoted and by directing that there be provided an office "or offices." The clear intent and effect of the amendment is to authorize the freeholders to provide more than one office for the election board, and to remove any requirement that the office be at the county seat. The case is governed by the law now in force and not the law prevailing when the judgment was entered. *Westinghouse Electric Corp. v. United Electrical, etc.,* 139 *N. J. Eq.* 97 (*E. & A.* 1946); *Fusaro v. Reid,* 2 *N. J. Super.* 107 (*App. Div.* 1949); *Binetti v. Swenson,* 3 *N. J. Super.* 227 (*App. Div.* 1949). In order to bring the decision into harmony with the new enactment, the judgment is reversed, but without costs to any party either here or in the Law Division.